VAN DIXHORN v. CENTRAL MOTOR FREIGHT CO.

1. NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — MOTOR VEHICLES — QUESTION FOR JURY.

Questions of negligence and contributory negligence were for jury in case where defendant's truck and trailer train started to swing to left of street about 50 feet from intersection and plaintiff, approaching from opposite direction in a Ford car, turned to pass on left, but, being unable to do so, endeavored to stop and skidded on snowy pavement into truck.

2. WITNESSES—CORROBORATION—WEIGHT OF EVIDENCE.

Verdict for plaintiff was not against weight of evidence where he and driver of defendant's truck and trailer train with which collision occurred were the only eyewitnesses and each was corroborated as to physical conditions by several persons who appeared immediately after collision.

3. SAME—CREDIBILITY—REGAINING CONSCIOUSNESS.

Credibility of plaintiff is for jury where his testimony did not agree with his statement made an hour after regaining consciousness from eight-hour period of oblivion caused by blow on head.

Appeal from Kalamazoo; Weimer (George V.), J. Submitted October 4, 1933. (Docket No. 49, Calendar No. 37,383.) Decided December 5, 1933.

Case by Irving Van Dixhorn against Central Motor Freight Company for damages resulting from a motor vehicle collision near a street intersection. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Henry M. Kimball,* for plaintiff.

*Howard & Howard,* for defendant.

Fead, J. About 2:15 a. m. of December 31, 1932, a Ford car, driven by plaintiff southwesterly on Michigan avenue in Kalamazoo, collided with a 38-foot truck and trailer train owned by defendant and driven northeasterly by Nelson Bond. The collision occurred near the intersection of South street.

Plaintiff's claim is that Bond was driving in the center of the street; when he was about 50 feet south of South street he swung to the left and attained an angle of 45 degrees across the street; as Michigan avenue is 42 feet wide, not more than a six-foot space was left between the truck and trailer train and either curb; plaintiff was driving on the right of the center of the street; he slackened speed as he approached the truck; he decided he could not squeeze through on the right side and swung to the left, with the intention of passing on that side, but found the train occupied so much of the street he could not pass; thereupon he applied the brakes to stop, the car skidded on the pavement, made slippery by frozen snow, struck the truck about 10 feet from the front, broke a gasoline tank, and both cars caught fire. Plaintiff was badly bruised and burned, his car destroyed and he had judgment of $2,824.79.

Defendant's claim is that Bond drove on the right side of the street, whereas plaintiff was in the center; plaintiff crossed toward his left; Bond thought he intended to make a left turn into South street and swung toward the left to enable plaintiff to make the turn; plaintiff then swung to the right and struck the truck.

Plaintiff and Bond were the only eyewitnesses but each had corroboration from several others who appeared immediately after the collision and told of truck tracks and other physical conditions: That Bond started to swing to the left at least 50 feet from the south side of South street was amply proved. The testimony left no excuse for a directed verdict. Nor in view of the corroboration of plaintiff can it be said the verdict was against the weight of the evidence. Plaintiff's testimony did not agree with a statement he had made an hour after regaining consciousness from an eight-hour period of oblivion caused by a blow on his head, but his credibility was for the jury.

The court, in rulings on evidence and on motion for new trial, so fully and correctly disposed of other claims of defendant that discussion is not necessary.

Judgment affirmed, with costs.

McDONALD, C. J., and WEADOCK, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.